```
                                                        U.S. DISTRICT COURT
                                                        DISTRICT OF VERMONT
                                                              FILED
        UNITED STATES DISTRICT COURT
                 FOR THE                                2020 AUG 31  AM 10: 11
          DISTRICT OF VERMONT
                                                              CLERK
                                                        BY      /s/
UNDER COVER ROOFING LABOR, INC.,    )                      DEPUTY CLERK
d/b/a SNOW COUNTRY ROOFING,         )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Case No. 2:19-cv-00176
                                    )
KAYLA HERRICK and SNOW COUNTRY      )
ROOFING, LLC,                       )
                                    )
        Defendants.                 )
```

**ENTRY ORDER DENYING DEFENDANT HERRICK'S SECOND MOTION TO APPOINT COUNSEL AND MOTION FOR A STAY**
(Doc. 43)

Plaintiff Under Cover Roofing Labor, Inc., d/b/a Snow Country Roofing, brings this action against Defendants Kayla Herrick ("Defendant Herrick") and Snow Country Roofing, LLC ("Defendant LLC") alleging nine claims of relief arising from Defendant Herrick's former employment as Plaintiff's sales representative and her incorporation and registration of Defendant LLC in Connecticut: (1) trademark infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) common law unfair competition and false designation of origin; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) theft of confidential information under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (6) tortious interference with contract; (7) tortious interference with business expectancy; (8) conversion; and (9) defamation.

On December 23, 2019, the court ruled that Defendant LLC must appear in federal court "only through a licensed attorney." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam). Defendant Herrick moved for the appointment of counsel on February 24, 2020 under the Sixth Amendment, which the court denied because "the Sixth Amendment does not govern civil cases." *Turner v. Rogers*, 564 U.S. 431, 441

(2011).

Pending before the court is Defendant Herrick's unopposed second motion for the appointment of counsel in which she seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and the Fourteenth Amendment. (Doc. 43.)[1] In addition, she requests that the court stay the pending proceedings until counsel is appointed.

Plaintiff is represented by Gordon E.R. Troy, Esq. Defendant Herrick represents herself. Defendant LLC has not yet appeared in this action.

I.   **Conclusions of Law and Analysis.**

   A.   **Whether the Court Should Appoint Counsel Under 28 U.S.C. § 1915(e)(1).**

"A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). Pursuant to 28 U.S.C. § 1915(e)(1), however, the court may "request an attorney to represent any person unable to afford counsel." *Id.* The Supreme Court has interpreted the term "person" to refer "only to individuals" and not to corporations. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993) (interpreting 28 U.S.C. § 1915(a)); *see also Brand v. AIG Ins. Co.*, 2016 WL 11501700, at *2 (E.D.N.Y. July 19, 2016) (denying motion to appoint counsel under § 1915(e)(1) to corporation because "[o]nly natural persons may qualify for the appointment of *pro bono* counsel pursuant to 28 U.S.C. 1915(e)(1)") (internal brackets and quotation marks omitted). Because Defendant LLC is a corporation, the court DENIES Defendant Herrick's motion to appoint it counsel under § 1915(e)(1).

For natural persons such as Defendant Herrick, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to" 28 U.S.C. § 1915(e)(1). *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). As a threshold requirement, Defendant Herrick must show that her position has "some likelihood of merit." *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (internal quotation marks omitted). If she

---

[1] Defendant Herrick also filed an *ex parte* motion seeking the same relief which the court denied without prejudice via Text Order on August 25, 2020. (Doc. 46.)

2

meets this initial condition, the court considers "secondary criteria" including her "ability to obtain representation independently" and "handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). No one factor is controlling as "[e]ach case must be decided on its own facts." *Hodge*, 802 F.2d at 61.

With respect to Plaintiff's trademark infringement claim, Defendant Herrick argues that at the time Defendant LLC was registered in Connecticut, Plaintiff only used the Snow Country Roofing mark in Vermont and thus did not use it in "commerce." Under 15 U.S.C. § 1127, a mark is used "'in commerce' . . . on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State . . . and the person rendering the services is engaged in commerce in connection with the services." 15 U.S.C. § 1127(2). Defendant Herrick further claims she used the Snow Country Roofing mark "with the permission" of Plaintiff's principal. 15 U.S.C. § 1115(b)(3). In support of this argument, she has produced evidence that Plaintiff's principal wrote a letter of recommendation for her to obtain a Connecticut Home Improvement License in connection with Defendant LLC.

Defendant Herrick also asserts that the Snow Country Roofing mark is merely "descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin[.]" 15 U.S.C. § 1115(b)(4); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992) ("Marks which are merely descriptive of a product are not inherently distinctive."). Because no "imagination, thought and perception" are "require[d]" to reach a conclusion as the nature of the services provided by Plaintiff—roofing services for snow—she argues that the mark might not be sufficiently distinctive to warrant the protections of the Lanham Act. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 11 (2d Cir. 1976) (citation omitted) (describing requirements to find mark is not generic or descriptive).

Because Defendant Herrick's defenses have "some likelihood of merit[,]" *Smith*,

3

803 F.3d at 127 (internal quotation marks omitted), the court considers her "ability to obtain representation independently" and handle this case "without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172. Defendant Herrick has contacted several *pro bono* attorneys without success. At this juncture, the court will assist Defendant Herrick in obtaining *pro bono* counsel although it cannot guarantee that an attorney will be willing to accept her case on that basis.

The court, however, will not *order* that counsel be appointed because at this time, the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is not clearly warranted. *See Parks v. Smith*, 505 F. App'x 42, 43 (2d Cir. 2012) (holding district court properly denied motion to appoint counsel because "the issues presented in [the plaintiff's] action were not overly complex and [he] was able to effectively litigate his case without counsel") (summary order); *Crenshaw v. Herbert*, 409 F. App'x 428, 431 (2d Cir. 2011) (affirming district court's denial of motion to appoint counsel where movant demonstrated at court conferences and through written submissions "'[the] ability to pursue and present his claims' necessary to litigate this case pro se") (alteration in original) (summary order). Should the court's efforts to assist Defendant Herrick in obtaining *pro bono* counsel prove unsuccessful, Defendant Herrick may refile her motion.

### B. Whether the Court Should Appoint Counsel Pursuant to the Fourteenth Amendment.

In the alternative, Defendant Herrick requests the appointment of counsel under the Fourteenth Amendment's Due Process Clause. The Fourteenth Amendment affords an indigent civil litigant a right to counsel only "where the litigant may lose his [or her] physical liberty if he [or she] loses the litigation." *Turner*, 564 U.S. at 442 (quoting *Lassiter v. Dep't of Soc. Servs. of Durham Cty.*, 452 U.S. 18, 25 (1981)) (internal quotation marks omitted). Defendant Herrick is not facing a civil contempt proceeding or otherwise at risk of losing her physical liberty. Accordingly, her request for counsel under the Fourteenth Amendment is DENIED.

## C. Whether to Stay Proceedings Pending the Appointment of Counsel.

Defendant Herrick requests a stay of these proceedings while she continues to seek counsel. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). As a result, "[t]he decision whether to issue a stay is . . . firmly within a district court's discretion." *Delgado v. NJ Transit Rail Ops., Inc.*, 329 F.R.D. 506, 507 (S.D.N.Y. 2019) (internal quotation marks omitted). Courts in the Second Circuit consider the following factors when deciding whether to issue a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* at 508 (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Because Plaintiff has not vigorously prosecuted this action or opposed Defendant Herrick's motion, it is likely Plaintiff will not suffer prejudice if the proceedings are stayed. Correspondingly, Defendant Herrick likely will suffer little prejudice if the proceedings are not stayed. The court has already granted a sixty-day stay so that Defendant Herrick could seek *pro bono* counsel. *See Juliao v. Charles Rutenberg Realty, Inc.*, 2017 WL 4162301, at *6 (E.D.N.Y. Sept. 19, 2017) (denying motion to stay where the court had already "suspended the proceedings so that Plaintiff could . . . seek private representation" and "obtain the assistance of resources available to *pro se* parties"). A further stay for the purposes of obtaining counsel would not advance either the court's interest in moving this case towards a resolution or the public's interest in expeditious court proceedings and thus would not "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

On balance, a further stay of this case is not warranted. The court therefore DENIES Defendant Herrick's motion for a stay pending the appointment of counsel.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant Herrick's second motion to appoint counsel and for a stay. (Doc. 43.) The court will assist Defendant Herrick in obtaining *pro bono* counsel although it cannot guarantee that an attorney will be willing to accept her case. Should the court's efforts prove unsuccessful, Defendant Herrick may refile her motion.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 31st day of August, 2020.

Christina Reiss, District Judge
United States District Court